UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN D. MIMY,

                    Plaintiff,

                -against-

CONOR MORGAN, et al.,

                    Defendants.

26-CV-5219 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Fourth and Fourteenth Amendments by seizing, towing, and impounding his vehicle from John K. Kennedy International Airport ("JFK Airport")—and by continuing to impound it at a tow lot at JFK Airport—in Queens, New York. Named as Defendants are: (1) Conor Morgan; (2) Transportation Analyst of the New York State Department of Transportation; (3) Gergory Mayr, Motor Carrier Investigator; (4) New York State; (5) Associate Attorney Robert Axisa; (6) New York State Department of Transportation; (7) Jean-Paul Paraskevas; (8) Chief Motor Carrier Manager; (9) Nicholas Delany; (10) Lee Welsh Thayer; (11) Antoine Bethea; (12) Adebola Oduwole; and (13) John and Jane Does 1-10.

For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated (and are continuing to violate) his rights by seizing, impounding, and retaining his vehicle at JFK Airport. He does not identify the residence or domicile of any of the defendants, but he asserts that the alleged events giving rise to his claims occurred, and are continuing to occur, at JFK Airport, which is located in Queens County and which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or in the Eastern District of New York. Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at JFK Airport in Queens County, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

2

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at JFK Airport, where Plaintiff's vehicle was allegedly seized and remains, and it is reasonable to expect that nearly all relevant documents and witnesses also would be within the Eastern District of New York. The Eastern District of New York therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 30, 2026
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3